IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JASON WELCHEL, )
 )
    Plaintiff, )
 )
 ) No. CIV-17-391-P
v. )
 )
 )
ACTING COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, filed his Complaint in this action on April 6, 2017, seeking review under 42 U.S.C. § 405(g) of the final decision of Defendant Acting Commissioner denying his application for disability insurance benefits. The matter has been assigned to the undersigned Magistrate Judge consistent with General order 16-4.

Even though Plaintiff appears *pro se*, Plaintiff is responsible for serving each Defendant with a summons and a complaint. See Fed. R. Civ. P. 4(c)(1); DeCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993)(recognizing that even though plaintiff was *pro se* he was "obligated to follow the requirements of Fed. R. Civ. P. 4").

A litigant has ninety days from the date of the filing of the complaint to

1

complete service of process on each Defendant. Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), the court must extend the time for completion of service if the plaintiff shows "good cause" for the failure to timely serve a defendant. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiff was advised in the Order entered July 31, 2017 (Doc. # 4) that the 90-day period provided in Fed. R. Civ. P. 4(m) for effecting service of process upon Defendant had expired. Plaintiff was notified in the Order entered July 31, 2017, of the undersigned's intention to recommend dismissal of the instant action without prejudice unless Plaintiff showed good cause by August 21, 2017, for his failure to show proof of timely service upon Defendant. To this date, Plaintiff has not responded to the show cause Order, he has not shown proof of service upon Defendant, and he has not shown good cause for his failure to effect timely service of process upon Defendant.

The finding that Plaintiff has not demonstrated good cause for a mandatory extension of time to effect service does not end the Court's inquiry. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id. at 841. A permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a

permissive extension of time." Id. at 842 (quotation marks and citation omitted).

In his Complaint, Plaintiff states that the Appeals Council denied Plaintiff's request for review of the administrative decision on February 7, 2017. Pursuant to 42 U.S.C. § 405(g), Plaintiff has sixty days from the date of the Appeals Council's decision to file his appeal in federal district court. See also 20 C.F.R. § 405.501. Therefore, the applicable filing limitation would expire as to a re-filed appeal on April 10, 2017. However, Plaintiff may request an extension of time to re-file his action in federal district court. 20 C.F.R. § 405.505. Further, Plaintiff has not even attempted to complete service of process upon Defendant, and there are no policy considerations weighing in favor of a permissive extension of time. Thus, a permissive extension of time to effect service in this action is not warranted.

The cause of action should be dismissed without prejudice for failure to timely serve Defendant or show cause for his failure to do so. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where dismissal of action is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

## RECOMMENDATION

In view of the foregoing findings, Plaintiff's action pursuant to 42 U.S. C. §405(g) should be dismissed without prejudice. Plaintiff is advised of the right to

file an objection to this Report and Recommendation with the Clerk of this Court by September 12th     , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    23rd    day of    August   , 2017.

*[signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE